UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARINA GUDAVA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| NEW ENGLAND LIFE CARE, INC. | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant New England Life Care, Inc. ("Defendant") hereby notices the removal of this action from the Superior Court of the Commonwealth of Massachusetts, Middlesex County (the "State Court") to the United States District Court for the District of Massachusetts. In support of this Notice of Removal, Defendant states as follows:

## STATE COURT ACTION

On or about November 22, 2021, Marina Gudava ("Plaintiff") commenced an action in the State Court, captioned Marina Gudava v. New England Life Care, Inc. d/b/a Advanced Compounding Solutions (the "State Court Action"). The State Court Action is now pending in that court.

On or about December 28, 2021, Plaintiff served Defendant with the Complaint in the State Court Action. Attached as Exhibit A is a copy of the Summons, Civil Tracking Order, Civil Action Cover Sheet, and Complaint in the State Court Action. The document attached as Exhibit A constitutes "all process, pleadings, and orders" in the State Court Action, pursuant to 28 U.S.C. § 1446(a). A certified copy of the State Court record has been requested and will be filed with this Court upon receipt.

1

**TIMELINESS OF REMOVAL**

This Notice of Removal is timely filed within thirty (30) days after Defendant was served with the Complaint in the State Court Action, as required by 28 U.S.C. § 1446(b)(1). See 28 U.S.C. § 1446(b); Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999).

This Notice of Removal is also filed within one year of the commencement of the State Court Action and is therefore timely under 28 U.S.C. § 1446(c)(1).

**GROUNDS FOR NOTICE OF REMOVAL**

Removal is proper based on this Court's original diversity jurisdiction pursuant to 28 U.S.C. § 1332. 28 U.S.C. § 1332(1) provides, in relevant part, that:

> The district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

This action is a civil action over which the Court has original jurisdiction based on diversity of citizenship because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs, as set forth below.

I.     Diversity of Citizenship

According to the Complaint, Plaintiff is a citizen of the Commonwealth of Massachusetts. See Exhibit A, Complaint at ¶ 1.

For diversity jurisdiction purposes, a corporation is deemed a citizen of its State of incorporation and the State where it has its principal place of business. See 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court,

> the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters."

2

Hertz Corp, v. Friend, 559 U.S. 77, 80-81 (2010) (citations omitted).

Defendant is incorporated under the laws of the State of Maine. See Exhibit B, Affidavit of Robert Calway, at ¶ 3. Defendant's corporate headquarters are located at 600 Southborough Drive, South Portland, Maine. See Exhibit B, Affidavit of Robert Calway, at ¶ 4. Thus, Defendant's principal place of business is in the State of Maine. Accordingly, Defendant is a citizen of the State of Maine for purposes of determining diversity of citizenship, and the parties are completely diverse. Diversity of citizenship existed between the parties at the time Plaintiff's Complaint was filed and continues to exist at the time this Notice of Removal is being filed.

B.        Amount in Controversy

Although Plaintiff's Complaint does not specify the precise amount of damages sought, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). "[A]s specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. at 89. In her Complaint, Plaintiff is seeking lost wages and compensation in excess of $25,000, compensatory damages for emotional distress, punitive damages, and attorney's fees and costs. See Exhibit A, Civil Action Cover Sheet and Complaint. As a result, it is more likely than not that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction over the pending action pursuant to 28 U.S.C. § 1332(a).

## VENUE

The United States District Court for the District of Massachusetts is the District Court of the United States within which the State Court Action is currently pending, and therefore venue is proper under 28 U.S.C. §§ 1441(a) & 1446(a).

## NOTICE TO ADVERSE PARTIES AND STATE COURT

Pursuant to 28 U.S.C. § 1446(d), Defendant is submitting a copy of this Notice of Removal for filing with the Clerk of the Superior Court of the Commonwealth of Massachusetts, Middlesex County.

Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendant gave written notice thereof to Plaintiff's counsel, Suzanne L. Herold, Esq. of Herold Law Group, P.C., 50 Terminal Street, Building 2, Suite 716, Charlestown, MA 02129.

## RESERVATION OF RIGHTS

By filing the Notice of Removal, Defendant does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise.  Defendant intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

If the Court should be inclined to remand this action, Defendant requests that the Court issue an Order to Show Cause why the case should not be remanded, providing Defendant an opportunity to present briefing and argument prior to any possible review.  Because a remand order is not subject to appellate review, such a procedure is appropriate.

As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

## RELIEF REQUESTED

Defendant requests that the United States District Court for the District of Massachusetts assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

WHEREFORE, Defendant respectfully requests that this action proceed as an action properly removed from the Superior Court of the Commonwealth of Massachusetts, Middlesex County, to the United States District Court for the District of Massachusetts.

Dated:  January 18, 2022                    Respectfully submitted,


                                            /s/ Melinda J. Caterine
                                            Melinda J. Caterine, BBO #677550
                                            Timothy H. Powell, BBO #688434
                                            LITTLER MENDELSON, P.C.
                                            1 Monument Square, Suite 600
                                            Portland, ME  04101
                                            207.774.6001
                                            mcaterine@littler.com
                                            tpowell@littler.com

                                            *Attorneys for Defendant*
                                            *New England Life Care, Inc.*

## CERTIFICATE OF SERVICE

I, Melinda J. Caterine, hereby certify that I electronically filed the foregoing document using the CM/ECF system on the date noted below, which will send notification of such filing to the following:

Suzanne L. Herold, Esq.
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 944-1325
suzie@heroldlawgroup.com

*Attorney for Plaintiff Marina Gudava*

Dated:  January 18, 2022

*/s/ Melinda J. Caterine*
Melinda J. Caterine, BBO #677550
Timothy H. Powell, BBO #688434
LITTLER MENDELSON, P.C.
1 Monument Square, Suite 600
Portland, ME  04101
207.774.6001
mcaterine@littler.com
tpowell@littler.com

*Attorneys for Defendant*
*New England Life Care, Inc.*