EXHIBIT A

12/28/21

## Commonwealth of Massachusetts

MIDDLESEX,SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 21-cv-04836

Marina Gudavn, PLAINTIFF(S),

V.

New England Life Care, Inc., DEFENDANT(S)
d/b/a Advanced Compounding Solutions



SUMMONS

THIS SUMMONS IS DIRECTED TO New England Life Care, Inc.. (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Middlesex Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

   a. Filing your **signed original** response with the Clerk's Office for Civil Business, Superior Court, 200 Trade Center, Woburn, MA 01801 (address), by mail or in person, **AND**

   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: Herold Law Group, P.C., 50 Terminal Street, Bld 2, Ste 714, Charlestown, MA 02129.

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 2181CV04836 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| CASE NAME: Gudava, Marina vs. New England Life Care, Inc. Doing Business as Advanced Compounding Solutions | | Michael A. Sullivan, Clerk of Court Middlesex County |
| TO: Suzanne L Herold, Esq. Herold Law Group, P.C. 50 Terminal St Building 2 Suite 716 Charlestown, MA 02129 | | COURT NAME & ADDRESS Middlesex County Superior Court - Woburn 200 Trade Center Woburn, MA 01801 |

## TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

### STAGES OF LITIGATION                                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 02/28/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 03/29/2022 | |
| All motions under MRCP 12, 19, and 20 | 03/29/2022 | 04/28/2022 | 05/31/2022 |
| All motions under MRCP 15 | 03/29/2022 | 04/28/2022 | 05/31/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 09/26/2022 | | |
| All motions under MRCP 56 | 10/25/2022 | 11/25/2022 | |
| Final pre-trial conference held and/or firm trial date set | | | 03/24/2023 |
| Case shall be resolved and judgment shall issue by | | | 11/29/2023 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.
**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**
This case is assigned to

| DATE ISSUED | ASSISTANT CLERK | PHONE |
|---|---|---|
| 11/30/2021 | Arthur T DeGuglielmo | (781)939-2754 |

Superior Court Civil Action Cover Sheet                                                                 11/22/21, 12:05 PI

[ Save as PDF ]                                                                                         [ Reset Form ]

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| Help-Party Information | | COUNTY  Middlesex |

**Plaintiff:** Marina Gudava
**ADDRESS:** 11301 Inwood Drive
Woburn, MA

**Defendant:** New England Life Cus, Inc.
**ADDRESS:** d/b/a Advanced Compounding Solutions
4 Constitution Way
Woburn, MA

**Plaintiff Attorney:** Suzanne L. Herold
**ADDRESS:** Herold Law Group, P.C.
50 Terminal Street, Ste 714, Bld 2
Charlestown, MA  02129
**BBO:** 675508

**Defendant Attorney:**
**ADDRESS:**
**BBO:**

[ Add Parties ]   [ Remove Parties ]

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

**CODE NO.:** B97
**TYPE OF ACTION (specify):** Wrongful termination
**TRACK:** F
**HAS A JURY CLAIM BEEN MADE?** X YES   NO

*If "Other" please describe:

Is there a claim under G.L. c. 93A?   YES   NO
Is there a class action under Mass. R. Civ. P. 23?   YES   NO

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS

A. Documented medical expenses to date
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe below)

   Subtotal (1-5):   $0.00

B. Documented lost wages and compensation to date   $25,000.00 +
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)
   Emotional distress                                   T.B.D.

   TOTAL (A-F):   ~~$0.00~~  $25,000.

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

#### CONTRACT CLAIMS

This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

[ Add Claim ]   [ Delete Claim ]

Superior Court Civil Action Cover Sheet                                                                                                                                11/22/21, 12:05 PM

| Signature of Attorney/Unrepresented Plaintiff: X | Date: |
|---|---|

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

| Signature of Attorney/Unrepresented Plaintiff: X | Date: 11-22-2021 |
|---|---|

SC0001: 1/22/2021                                                    www.mass.gov/courts                                                    Date/Time Printed:09-28-2021 17:03:2

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.                                          SUPERIOR COURT
                                                        CIVIL ACTION NO.:

|  |  |
|---|---|
| MARINA GUDAVA | ) |
| Plaintiff, | ) |
| v. | ) |
| NEW ENGLAND LIFE CARE, INC. d/b/a ADVANCED COMPOUNDING SOLUTIONS | ) |
| Defendant. | ) |

## **COMPLAINT AND JURY DEMAND**

### Parties

1. The Plaintiff, Marina Gudava (hereinafter "Ms. Gudava" or "Plaintiff"), is an individual who maintains a residence at 11301 Inwood Drive, Woburn, Middlesex County, Massachusetts.

2. The Defendant, New England Life Care, Inc. d/b/a Advanced Compounding Solutions (hereinafter "Company" or "Defendant") is a foreign, for-profit corporation with a principal place of business of 4 Constitution Way, #J Woburn, Middlesex County, Massachusetts.

### Facts

3. Ms. Gudava is a former employee of the Company. She was employed from February 26, 2018 until the Company terminated her on August 20, 2021.

4. At all times, Ms. Gudava was a licensed ParmD and was employed by the Company as a Compounding Pharmacist.

5. Prior to April 2021, Ms. Gudava reported to Marco Romano, the Company's then Director of Pharmacy.

6. In her last performance evaluation, issued just before Mr. Romano left, Ms. Gudava's performance was rated as "meets expectations" and she was given a 2% raise.

7. In April 2021 the Company hired John Fantasia ("Mr. Fantasia") as ACS' Vice President, who Ms. Gudava ultimately reported to.

8. In April 2021, Roula Barada Sanhoun ("Ms. Sanhoun") was also a Compounding Pharmacist, like Ms. Gudava.

9. However, Mr. Fantasia promoted Ms. Sanhoun to Director of Pharmacy in July 2021, when Mr. Romano left the Company. Therefore, at that time, Ms. Sanhoun also became Ms. Gudava's manager.

10. After Mr. Fantasia was hired and after Ms. Sanhoun was promoted, the two collaborated to engage in unlawful and unethical pharmacy practices.

11. For example, the two attempted to make changes to the Company's operations that violated the Food and Drug Administration's ("FDA") "Good Manufacturing Practice ("GMP"),

12. On information and belief, the attempted changes would have accelerated the production of certain processes and resulted in increased profits to the Company, while compromising patient health and safety.

13. The GMP is a system for ensuring that products are consistently produced and controlled by quality standards.

14. The changes were communicated to Ms. Gudava on June 25, 2021 to be effective on June 28, 2021. Ms. Gudava complained that the changes did not adhere to the GMP standards and that as a result, the health and safety of the intended recipients of the Company's end-use consumers would be jeopardized.

15. The Company's Quality Assurance Manager, Sylvia Kivumbi ("Ms. Kivumbi") agreed with Ms. Gudava and as a result the changes were not implemented.

16. As a direct result of complaining about the changes being non-compliant with the FDA's GMP standards and risking the health and safety of patients, which therefore reduced the Company's productivity and profits, the Company began a campaign to terminate Ms. Gudava.

17. In July 2021, Mr. Fantasia promoted Rachel AduManta ("Ms. AduManta") from a Technician Supervisor to the Assistant Director of Pharmacy. On information and belief, Ms. AduManta does not hold the qualifications and licensure necessary to be the Assistant Director of Pharmacy.

18. Ms. Gudava questioned Mr. Fantasia as to how a Pharmacy Technician could be promoted to the Assistant Director of Pharmacy, manage pharmacists and oversee the compounding of drug products if she herself was not a pharmacist.

19. By way of response, Mr. Fantasia stated that the Company, Advanced Compounding Solutions ("ACS") is not a pharmacy. In fact, ACS not only meets the definition of a pharmacy, it acts and functions like one.

20. On July 25, 2021 Ms. Gudava reported to Robert Calway ("Mr. Calway"), the Company's Chief Operating Officer, via e-mail that Ms. AduMante was acting Director of Pharmacy during the time Ms. Sanhoun had been out on a three week vacation, Ms. AduMante was verifying and releasing batches, including by signing off on batch worksheets as a pharmacist.

21. In her email, Ms. Gudava specifically asked Mr. Calway if these actions by Ms. AduMante were "even legal?"

22. In her e-mail, Ms. Gudava further complained that she was being ostracized by Mr. Fantasia to the point where it compromised safety, and that she did not want to be held responsible for any issues that could develop as the result of her being left out of important meetings and decision making processes.

23. Eight days later, after Mr. Calway returned from vacation, he responded and acknowledged her complaints and indicated that he would initiate an investigation.

24. Rather than investigate, the Company contrived a reason to terminate Ms. Gudava because it viewed her as a problem employee who valued process over profit.

25. Ms. Gudava took vacation the week of August 9, 2021 through August 13, 2021, and \returned on August 16, 2021.

26. When Ms. Gudava returned to work on August 16, 2021 she learned that in her absence, the Company had hired another pharmacist, likely to replace her. Because the field of Compounding Pharmacists is relatively small, Ms. Gudava recognized the individual who was hired and had a memory that he had once had his pharmacist license suspended and was subject to a period of probation.

27. As a result, Ms. Gudava mused aloud to a co-worker about the past discipline.

28. The issue of discipline for the pharmacist is a matter of public record.

29. On Tuesday, August 17, 2021 Ms. Gudava was suspended pending an investigation related on the allegation that she "defamed" a co-worker.

30. The Company terminated Ms. Gudava on Friday, August 20, 2021 as the result of allegedly "defaming" a co-worker.

## Causes of Action

(Each Cause Of Action Incorporates Therein
All Of The Paragraphs Set Forth, Hereinabove.)

### Count One – Wrongful Termination in Violation of Public Policy

31. The Plaintiff hereby incorporate all allegations in this document with the same force and effect as if set forth herein.

32. This is a cause of action against the Defendant for wrongful termination in violation of a public policy.

33. The Defendant unlawfully terminated Plaintiff as a direct result of her reporting that the Company was violating local and federal safety laws and protocols, to the detriment of the public.

34. As a result of the Defendant's conduct, the Plaintiff has suffered damages.

***The Plaintiff demands a jury trial on all triable issues.***

WHEREFORE, the Plaintiff hereby requests that this Honorable Court grant the following relief:

1. Judgment against the Defendant;

2. Attorney's fees, costs and expert witness fees;

3. Compensatory damages for emotional distress;

4. Punitive damages;

5. Pre-Judgment and Post-Judgment Interest, and

6. Such other relief as the Court deems just and fair.

November 22, 2021

The Plaintiff,
Marina Gudava
By her attorney,

_____
Suzanne L. Herold (BBO# 675808)
Herold Law Group, P.C.
50 Terminal Street
Building 2, Suite 716
Charlestown, MA 02129
(617) 944-1325 (t)
(617) 398-2730 (f)
suzie@heroldlawgroup.com